# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DUNKIN DONUTS FRANCHISING LLC, et al.,** | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | No.14-2293 |
| v. | : | |
| | : | |
| **CLAUDIA III, LLC, et al.,** | : | |
| Defendants. | : | |

## ORDER

This 15th day of April, 2015, having considered Plaintiffs' second Motion for a Preliminary Injunction and having received no response from Defendants, for the reasons that follow:

1) Plaintiffs' Motion for a Preliminary Injunction is **GRANTED**; and

2) It is hereby **ORDERED** that Defendants shall cease operation at 230 Rte. 313 #1, Perkasie, PA within 48 hours in a manner suggested by Plaintiffs to minimize customer disruption, and cease and desist operation of the Dunkin' Donuts and Baskin-Robbins franchise at the premises until further order of this Court.

A court should only grant a preliminary injunction when the moving party has shown, "(1) a likelihood of success on the merits; (2) [that] he or she will suffer irreparable harm if the injunction is denied; (3) [that] granting relief will not result in even greater harm to the nonmoving party; and (4) [that] the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) (citations omitted).

I denied the Plaintiffs' first request for a preliminary injunction, concluding that Plaintiffs had satisfied all but one of these four factors. *Dunkin Donuts Franchising LLC v. Claudia III,*

*LLC*, No. 14-2293, 2014 WL 3900569, *1 (E.D. Pa. Aug. 11, 2014).  Specifically, I found that Plaintiffs had not established that they would suffer irreparable harm if the injunction were denied.  *Id.*  An important justification for my conclusion was the fact that Claudia III continued to operate "in conformity with Dunkin's rules" except for the delayed remodel that had caused the dispute.  *Id.* at *7.

Plaintiffs have now satisfied the Court that circumstances have changed.  According to a Declaration from a Senior Collections Specialist employed by Plaintiffs, Claudia III has ceased paying required fees and ceased serving Baskin-Robbins while continuing to advertise it on its signs.  Decl. of Gary Zullig ¶¶ 32–48.

Defendants, who are currently unrepresented, did not respond to Plaintiffs' renewed Motion for a Preliminary Injunction.  On March 9, 2015, I ordered Defendants to respond to the Motion.  On March 23, 2015, I extended Defendants' period of time to file a response by ten additional days.  As of April 15, 2015, Defendants have still not responded.

Plaintiffs' new information, when considered alongside the facts discussed in my initial denial of the preliminary injunction, and Defendants' failure to offer any response, has tipped the balance of equities in favor of Plaintiffs.  Plaintiffs have now satisfied the requirements for a preliminary injunction. Accordingly, I grant their motion.

      /s/ Gerald Austin McHugh
United States District Court Judge